Paul STRASTERS, a married person; Zadelle Strasters, a married person, Plaintiffs–Appellees,

v.

WEINSTEIN & RILEY PS, Defendant–Appellant.

Paul Strasters, a married person; Zadelle Strasters, a married person, Plaintiffs–Appellants,

v.

Weinstein & Riley PS, Defendant–Appellee.

Nos. 12–35120, 12–35283.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2012.

Filed Dec. 13, 2012.

Seth M. Reynolds, Esquire, The Reynolds Law Office PS, Yakima, WA, for Plaintiffs–Appellees.

Jason Anderson, Weinstein & Riley, P.S., Seattle, WA, for Defendant–Appellant.

Before: TALLMAN and WATFORD, Circuit Judges, and FITZGERALD, District Judge.*

MEMORANDUM **

Defendant Weinstein & Riley, P.S., appeals a civil judgment for violation of the Fair Debt Collection Practices Act (FDCPA). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

The district court properly analyzed whether a settlement agreement between plaintiffs Paul and Zadelle Strasters and co-defendant Wells Fargo released Weinstein & Riley from liability. The district court properly concluded that the settlement agreement was ambiguous as to whether it released Weinstein & Riley, and therefore properly denied Weinstein & Riley's motion for summary judgment on that ground. *See Hearst Comm'ns v. Seattle Times Co.*, 154 Wash.2d 493, 510, 115 P.3d 262 (2005). It was also not clear error for the court to find after a bench trial that extrinsic evidence demonstrated the agreement did not release Weinstein & Riley from liability. *See Saint John's Organic Farm v. Gem County Mosquito Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir.2009) (reviewing district court's factual findings for clear error).

The district court erred, however, when it granted partial summary judgment to plaintiffs on a prima facie FDCPA violation. The facts submitted to support the plaintiffs' motion, whether contested or not, did not suffice to entitle them to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a), (e). Interrogatory responses that only demonstrated the defendant had collected *some* debts in the past, or had occasionally taken a contingent fee interest in any recovery, did not allow the court to conclude, as a matter of law, that the defendant "regularly" collects debts under 15 U.S.C. § 1692a(6). *Compare Schroyer v. Frankel,* 197 F.3d 1170, 1176 (6th Cir. 1999) (holding that defendant did not "regularly" collect debts when only 7.4 percent of cases involved debt collection) *with Garrett v. Derbes,* 110 F.3d 317, 318 (5th Cir. 1997) (holding that a defendant who attempts to collect debts from 639 individuals in a nine-month period "regularly" collects debts).

Although the defendant failed to specifically address this issue in its opposition brief, "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . ." Fed.R.Civ.P. 56(e) advisory committee's note to 2010 Amendments; *see also Henry v. Gill Indus., Inc.,* 983 F.2d 943, 950 (9th Cir.1993). We vacate the judgment, including the award of attorneys' fees to plaintiffs, and remand to the district court, which may reopen discovery and reconsider whether the defendant is a "debt collector" on summary judgment or, if necessary, proceed to resolve the issue at trial. In light of our disposition, plaintiffs' cross-appeal is dismissed as moot.

---

* The Honorable Michael W. Fitzgerald, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The judgment in 12–35120 is **AFFIRMED IN PART, REVERSED IN PART,** and **REMANDED** to the district court for further proceedings consistent with this disposition. Each party shall bear its own costs.

No. 12–35283 is **DISMISSED.** Each party shall bear its own costs.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.